1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

LEONSO DEJESUS,
CDCR #J-35972,

                           Plaintiff,

                vs.

CABALES, Officer;
CLARK, Officer,

                           Defendants.

Civil No.    11cv0423 WQH (POR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

## I.    PROCEDURAL HISTORY

On March 1, 2011, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se,  filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a certified copy of his inmate trust account statement which the Court liberally construed to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

1    The Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his

2    Complaint for failing to state a claim. *See* March 18, 2011 Order at 4-5. Plaintiff was granted

3    leave to file an Amended Complaint in order to correct the deficiencies of pleading identified

4    by the Court. *Id.* On April 27, 2011, Plaintiff filed his First Amended Complaint ("FAC").

5    **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

6        As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s

7    amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons

8    proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility

9    [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

10   terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

11   practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these

12   provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

13   complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

14   seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

15   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

16   *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

17       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

18   dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28

19   U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit

20   make and rule on its own motion to dismiss before directing that the Complaint be served by the

21   U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,

22   but requires a district court to dismiss an in forma pauperis complaint that fails to state a

23   claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

24   § 1915A).

25       "[W]hen determining whether a complaint states a claim, a court must accept as true all

26   allegations of material fact and must construe those facts in the light most favorable to the

27   plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

28   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even

1    presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state

2    a claim upon which relief can be granted and seeks monetary relief from defendants who are

3    immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213

4    F.3d at 446, n.1.

5          As he did in his original Complaint, Plaintiff alleges that Defendant Cabales and Clark

6    removed and destroyed personal items from his cell during a cell search.  (*See* FAC at 1-2/

7    However, as the Court previously informed Plaintiff, where a prisoner alleges the deprivation

8    of a liberty or property interest caused by the unauthorized negligent or intentional action of a

9    prison official, the prisoner cannot state a constitutional claim where the state provides an

10   adequate post-deprivation remedy.  *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990);

11   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The California Tort Claims Act ("CTCA")

12   provides an adequate post-deprivation state remedy for the random and unauthorized taking of

13   property.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Thus, Plaintiff has an

14   adequate state post-deprivation remedy and his claims relating to the taking of his property are

15   not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)

16   and 1915A(b)(1).

17   **III.   CONCLUSION AND ORDER**

18         Good cause appearing, **IT IS HEREBY ORDERED** that:

19         1)      Plaintiff's First Amended Complaint [ECF No. 4] is **DISMISSED** without

20   prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.

21   § 1915(e)(2)(b) and § 1915A(b).  In addition, the Court finds further amendment would be futile.

22   *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend

23   is not an abuse of discretion where further amendment would be futile); *see also Robinson v.*

24   *California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has

25   not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed

26   without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d

27   904, 907 (9th Cir. 1996)).

28   / / /

2)    **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  July 25, 2011

**WILLIAM Q. HAYES**
United States District Judge